UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WAQAS CHAUDHRY,

      Plaintiff,

    -against-

ALTICE USA, INC.,

      Defendant.

**MEMORANDUM & ORDER**
26-CV-1066 (NRM) (JRC)

**NINA R. MORRISON**, United States District Judge:

Plaintiff Waqas Chaudhry — a South Asian and Muslim engineer — filed this employment discrimination action on February 24, 2026, accusing Defendant Altice USA, Inc. ("Altice") of discrimination and retaliation under the Family and Medical Leave Act ("FMLA"), Americans with Disabilities Act ("ADA"), New York State Human Rights Law ("NYSHRL"), New York City Human Rights Law ("NYCHRL"), and Title VII of the Civil Rights Act.  Compl., ECF No. 1.  Chaudhry was employed by Altice for eighteen years, before being terminated shortly after requesting medical leave to care for his cancer-stricken wife.  *Id.* ¶¶ 12–15, 31.  He alleges that he began to experience discriminatory treatment with the arrival of a new executive team in late 2023, which included a new direct supervisor.  *Id.* ¶¶ 16, 23.

On April 14, 2026, Defendant Optimum Communications, Inc. ("Optimum" f/k/a Altice) filed a pre-motion conference ("PMC") request in anticipation of its motion to dismiss under Fed. R. Civ. P. 12(b)(6).  ECF No. 12 ("Def.'s PMC

Letter"). Defendant argued that Chaudhry's claims should be stricken in whole or in part, noting a variety of deficiencies in the Complaint under the appropriate statutory standards. *Id.* at 1–4. Chaudhry filed a brief two-page response on April 24, 2026, arguing that Defendant's PMC request should be denied, or, in the alternative, that he should be granted leave to amend the Complaint for any issues identified by the Court. ECF No. 13 ("Pl.'s PMC Resp.") at 1–2.

For the reasons discussed below, Chaudhry's PMC response is construed as a motion for leave to amend and granted in part. The Court grants Chaudhry leave to amend Counts I (FMLA Retaliation), II (FMLA Interference), IV (ADA Associational Discrimination), VI (NYSHRL Associational Retaliation), VII (NYCHRL Associational Discrimination), VIII (NYCHRL Associational Retaliation), IX (NYCHRL National Origin / Religious Discrimination), and X (Title VII National Origin / Religious Discrimination). Chaudhry is denied leave to amend Counts III (FMLA Discrimination) and V (NYSHRL Associational Discrimination).

## DISCUSSION

### *Causes of Action for Which Leave to Amend is Granted*

#### 1. FMLA Retaliation and Interference (Counts I and II)

In its PMC letter, Defendant argues that Chaudhry failed to sufficiently plead a threshold requirement to his FMLA claims — namely, that he is an eligible employee under the statute. Def.'s PMC Letter at 1 n.2. Defendant also points out that the FMLA does not provide emotional distress and punitive damages as forms of

relief. *Id.* at 2. To the extent that Chaudhry seeks to amend his FMLA claims, he should plead facts sufficient to establish the following in connection with his contention that he is an eligible employee under the FMLA: that he was "employed for at least twelve months by the employer for whom [he was] requesting leave" and that he "worked at least 1,250 hours with that employer in the twelve months prior to the beginning of [his] medical leave." *Arroyo-Horne v. City of New York*, 831 F. App'x 536, 539 (2d Cir. 2020).

He must also be mindful that emotional distress and punitive damages are unavailable under the FMLA and consider omitting these forms of relief from his amended complaint. *See Dennis v. Ultimus Fund Sols., LLC*, No. 20-CV-2813 (NGG) (AYS), 2021 WL 3566593, at *5 (E.D.N.Y. Aug. 12, 2021) (noting that punitive and emotional distress damages are "not recoverable" under the FMLA because the statute "specifically lists the types of damages that an employer may be liable for" (quoting *Scott v. ProClaim Am., Inc.*, No. 14-cv-6003 (DRH) (ARL), 2017 WL 1208437, at *13 (E.D.N.Y. Mar. 31, 2017) and citing 29 U.S.C. § 2617(a)(1)(A))).

Specific to Chaudhry's FMLA interference claim, Defendant argues that it is "predicated on an alleged failure to provide notice of FMLA eligibility" and fails to allege that this "notice defect caused [Chaudhry] prejudice, affected his actions, or deprived him of any benefit" under the FMLA. Def.'s PMC Letter at 2. Chaudhry argues that his claim is not just based on notice defects, but also the fact that his termination interfered with his ability to take leave. *See* Pl.'s PMC Resp. at 1.

To bring a claim for FMLA interference, a plaintiff must demonstrate:

3

> 1) that [he] is an eligible employee under the FMLA; 2) that the defendant is an employer as defined by the FMLA; 3) that [he] was entitled to take leave under the FMLA; 4) that [he] gave notice to the defendant of her intention to take leave; and 5) that [he] was denied benefits to which [he] was entitled under the FMLA.

*Haran v. Orange Bus. Servs., Inc.*, 160 F.4th 51, 56–57 (2d Cir. 2025) (citation omitted). The fourth element does not require formal notice;[1] rather, the plaintiff "'must objectively assert' [his] rights under the FMLA." *De Figueroa v. New York*, 403 F. Supp. 3d 133, 155 (E.D.N.Y. 2019) (citation omitted). Because Chaudhry alleges that he notified his employer of his intention to take leave, and because he was terminated before he was able to take leave (ostensibly before any leave was formally granted, given the lack of acknowledgement from Defendant), he has likely pled facts sufficient to satisfy the fourth and fifth elements of his FMLA interference claim. *See Arnold v. Rsch. Found. for State Univ. of N.Y.*, 216 F. Supp. 3d 275, 285–86 (E.D.N.Y. 2016).

### 2. ADA Associational Discrimination (Count IV)

Defendant makes the following arguments against Chaudhry's ADA claim: (1) that Chaudhry failed to exhaust administrative remedies before bringing this claim, (2) that the claim fails because seeking caregiving leave under the FMLA is not protected activity under the ADA, and (3) that the facts do not fit any associational discrimination theory. Def.'s PMC Letter at 2–3. Plaintiff argues that he exhausted

---

[1] Defendant states that it has no record of a "request by Plaintiff for FMLA leave or any other leave related to his wife's illness." Def.'s PMC Letter at 2 n.3. To the extent that Plaintiff wishes to include additional facts to the contrary, he is welcome to do so.

administrative remedies by timely filing an Equal Employment Opportunity Commission ("EEOC") Charge and receiving a right to sue notice. Pl.'s PMC Resp. at 2. He does not address Defendant's other arguments.

Before a plaintiff can bring an ADA claim in federal court, he must "bring a complaint of workplace discrimination to the [EEOC] within 300 days of an incident's occurrence, and then file a related lawsuit within 90 days of receiving a notice of right to sue from the EEOC." *De Figueroa*, 403 F. Supp. 3d at 159. If Chaudhry wishes to re-plead his ADA claim, he should include facts demonstrating that he exhausted his administrative remedies, such as the timing of his EEOC Charge and his receipt of a Right to Sue Notice.

To plead an associational discrimination claim under the ADA, a plaintiff must show:

> 1) that [he] was qualified for the job at the time of an adverse employment action; 2) that [he] was subjected to adverse employment action; 3) that [he] was known at the time to have a relative or associate with a disability; and 4) that the adverse employment action occurred under circumstances raising a reasonable inference that the disability of the relative or associate was a determining factor in the employer's decision.

*Kelleher v. Fred A. Cook, Inc.*, 939 F.3d 465, 467–68 (2d Cir. 2019) (citation omitted). One can infer that an adverse employment action was motivated by associational discrimination under three different theories: expense, disability by association, and distraction. *See Toombs v. N.Y.C. Hous. Auth.*, No. 16-CV-3352 (LTS), 2017 WL 1169649, at *6 (S.D.N.Y. Mar. 27, 2017).

To the extent that Chaudhry again elects to include an ADA associational discrimination claim in his amended complaint, he should also include factual allegations sufficient to establish that his termination was motivated by expense, disability by association, or distraction perceived by Defendant as a consequence of his wife's cancer diagnosis.

### 3. NYSHRL Associational Retaliation[2] (Count VI)

To bring a retaliation claim under the NYSHRL, "a plaintiff claiming retaliation must demonstrate 'that [he] took an action opposing [his] employer's discrimination and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action.'" *Ronen v. RedRoute, Inc.*, 763 F. Supp. 3d 319, 333 (E.D.N.Y. 2025) (quoting *Qorrolli v. Metro. Dental Assocs.*, 124 F.4th 115, 122 (2d Cir. 2024)). The protected activity need only be a "motivating factor" for the adverse employment action. *Id.*

Defendant argues that Chaudhry fails to state a claim because "taking FMLA leave is not an activity protected under the NYSHRL." Def.'s PMC Letter at 3 (quoting *Kiley v. Aim Servs.*, No. 24-CV-00869, 2025 WL 1282365, at *16 (N.D.N.Y. May 2, 2025)). While Chaudhry does not directly respond, he may nonetheless still have a retaliation claim under the NYSHRL, especially depending on the timing of his EEOC Charge relative to his termination. Thus, Plaintiff is granted leave to

---

[2] As will be discussed below, the NYSHRL does not recognize a claim for associational discrimination under the statute. The Court construes Plaintiff's NYSHRL associational retaliation claim as a claim for retaliation under the statute. To the extent Plaintiff wishes to re-plead this claim in his amended complaint, he should consider labeling it simply as an NYSHRL Retaliation claim.

6

amend to set forth the timing of any protected activity he engaged in under the statute and re-plead associated facts.

### 4. NYCHRL Claims (Counts VII, VIII, and IX)

Defendant argues that the NYCHRL claims fail because Chaudhry did not sufficiently allege that he was impacted by Defendant's actions in New York City. Def.'s PMC Letter at 3–4.  Plaintiff does not squarely address this point.

As a non-resident of New York City, plaintiff "must plead and prove that the alleged discriminatory conduct had an impact" in New York City, in order to bring an NYCHRL claim.  *Trotter v. Nat'l Football League*, 737 F. Supp. 3d 172, 192 (S.D.N.Y. 2024) (citation omitted).  In his Complaint, Plaintiff stated that he was a resident of Commack, New York during the incidents alleged.  Compl. ¶ 7.  He is granted leave to amend to include facts demonstrating that Defendant's alleged discriminatory and retaliatory conduct took place in New York City and/or that Plaintiff felt its impact in New York City.  *See Carnett v. TIAA Ins. Co.*, No. 24-CV-9991 (JPO), 2026 WL 35348, at *3 (S.D.N.Y. Jan. 6, 2026).

Against the national-origin/religious discrimination claim specifically, Defendant argues that Plaintiff only offered "[g]eneralized allegations of favoritism and workplace unfairness unconnected to Plaintiff's national origin."  Def.'s PMC Letter at 4.  Defendant also insists that Chaudhry included "no specific comparator facts and no non-conclusory facts connecting his South Asian national origin, as distinct from religion or leave request, to the challenged decisions."  *Id.*  In response,

Plaintiff argues that "[t]he lack of comparator detail [sic] at this stage of the pleading is not a flaw or deficiency warranting dismissal."  Pl.'s PMC Resp. at 2.

Under the NYCHRL, a plaintiff need only show that he was treated "'less well than other employees . . . at least in part because of" his protected status.  *Mihalik v. Credit Agricole Cheuvreux N.A., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) (citation omitted) (emphasis in original).   The NYCHRL includes national origin and religion/creed as separate protected categories.  *See* N.Y.C. Admin. Code § 8-107(1), (3).

It is unclear the extent to which Chaudhry intends to plead national origin and religious discrimination separately under the NYCHRL, especially since they are grouped within a single cause of action.  However — and Defendant does not contest this — Chaudhry likely sufficiently pleads a claim for NYCHRL religious discrimination.  Construed liberally, his allegations suggest that his supervisor pressured him to drink and mocked his decision to abstain from alcohol and complete his daily prayers.  Plaintiff's claim can be supported by invidious comments about his protected group.  *See Knight v. MTA – N.Y.C. Transit*, No. 19-CV-1428 (PKC) (SDE), 2026 WL 875339, at *5 (E.D.N.Y. Mar. 31, 2026); *Richards v. Dep't of Educ.*, No. 21-CV-338 (LJL), 2022 WL 329226, at *10 (S.D.N.Y. Feb. 2, 2022).  To the extent that Chaudhry includes this claim in his amended complaint, he should make clear whether he is bringing a cause of action under the NYCHRL for national origin discrimination, religious discrimination, or both.

### 5.  Title VII Discrimination (Count X)

8

Defendant's arguments and Chaudhry's response regarding the Title VII discrimination claim are virtually identical to those for and against the NYCHRL national origin/religious discrimination claim. Defendant also argues that Chaudhry failed to administratively exhaust his remedies before bringing his Title VII discrimination claim.

As with the ADA, a plaintiff may only bring a Title VII suit in federal court if he has filed an EEOC charge within 300 days of any allegedly discriminatory employment action. *See Banks v. Gen. Motors, LLC*, 81 F.4th 242, 259 (2d Cir. 2023) ("Under Title VII, individuals alleging discrimination must file a charge with the EEOC within . . . 300 days 'after the alleged unlawful employment practice occurred.'" (quoting 42 U.S.C. § 2000e-(e)(1))).

To bring a Title VII discrimination claim, a plaintiff "must plausibly allege that (1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free School Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). At the pleading stage, the plaintiff need only plead facts that "give plausible support to a minimal inference of discriminatory motivation." *Back v. Hapoalim*, No. 24-1064-cv, 2024 WL 4746263, at *4 (2d Cir. Nov. 12, 2024) (summary order) (quoting *Buon v. Spindler*, 65 F.4th 64, 83 (2d Cir. 2023)).

If Chaudhry wishes to re-plead his Title VII claim, he should include facts demonstrating that he exhausted his administrative remedies, such as the timing of his EEOC Charge and his receipt of a Right to Sue Notice. He should also clarify

9

whether he asserts claims for national origin discrimination, religious discrimination, or both under the statute. Chaudhry is further granted leave to amend to include facts demonstrating that Defendant's alleged discriminatory acts were a "motivating factor" behind an adverse employer action against him.

### *Causes of Action for Which Leave to Amend is Denied as Futile*

The Court denies Chaudhry leave to amend his claims for FMLA discrimination and NYSHRL associational discrimination. The Second Circuit does not recognize a claim for FMLA discrimination, finding it duplicative of the already-recognized causes of action for retaliation and interference. *See Arnold*, 216 F. Supp. at 285 ("The Second Circuit recognizes two types of claims under the FMLA—and only two types of claims—interference and retaliation."). Additionally, there is no cognizable cause of action for associational discrimination under the NYSHRL; a plaintiff must be disabled themselves to obtain relief under the statute. *Arazi v. Cohen Bros. Realty Corp.*, No. 20-CV-8837 (GHW), 2022 WL 912940, at *8 (S.D.N.Y. Mar. 28, 2022).

Thus, Chaudhry is denied leave to amend Counts III and V of his complaint, as amendment would be futile. In light of the authorities discussed above, Plaintiff shall consider omitting these claims from his amended complaint.

### CONCLUSION

10

For the reasons set forth above, Plaintiff is granted leave to amend the following causes of action brought in his original complaint: Counts I (FMLA Retaliation), II (FMLA Interference), IV (ADA Associational Discrimination), VI (NYSHRL Associational Retaliation), VII (NYCHRL Associational Discrimination), VIII (NYCHRL Associational Retaliation), IX (NYCHRL National Origin / Religious Discrimination), and X (Title VII National Origin / Religious Discrimination). He is denied leave to amend his claims for FMLA Discrimination and NYSHRL Associational Discrimination (Counts III and V, respectively).

If he chooses to do so, Plaintiff shall have 21 days from the date of this Memorandum and Order in which to file an amended complaint according to the Court's guidance above. Plaintiff is advised that the amended complaint completely replaces the original, so Plaintiff must include in the amended complaint all the necessary information to support all of his claims. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order. Plaintiff is also encouraged to provide greater specificity around the timing of the factual allegations in his amended complaint. All further proceedings shall be stayed for 21 days.

If Plaintiff wishes to re-plead claims under the FMLA, ADA, NYCHRL, or Title VII of the Civil Rights Act, he must be sure to include facts demonstrating that he meets the threshold requirements for these statutes (*i.e.*, that he is an eligible employee under the FMLA; that Defendant's unlawful conduct under the NYCHRL

11

impacted him in New York City; and/or that he has administratively exhausted his remedies under the ADA and Title VII).

**SO ORDERED.**

Dated:  June 1, 2026                                    */s/ Nina R. Morrison*
       Brooklyn, New York                   Nina R. Morrison
                                             United States District Judge